```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Richmond Division
```

ROBERT S. REYNOLDS,

    Plaintiff,

v.                                    Civil Action No. 3:05cv349

HON. MARK WARNER, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's Motion to Dismiss (Docket No. 6). For the reasons set forth below, the defendant's motion is GRANTED.

**STATEMENT OF FACTS**

Robert S. Reynolds alleges that he is addicted to opiates and that he suffers from hypertension and cardiac arrhythmia. In 2003 and 2004, he went through a detoxification program directed by George Bright, M.D. The detoxification program required Reynolds to use Buprenex and Subutex to help eliminate the addiction. In a letter dated December 17, 2004, Dr. Bright stated that Reynolds was at an unquantified risk of cardiac problems if he did not participate in a medically assisted detoxification program. On May 15, 2005, physicians at the Emergency Room at the Medical College of Virginia ("MCV") refused to provide Reynolds with medically assisted detoxification, offering him only a so-called "cold-turkey" method. On May 15, 2005, physicians at the Emergency Room

at the Retreat Hospital also refused to provide a medically assisted detoxification program.

Reynolds filed a Motion to Proceed *In Forma Pauperis* which was granted on May 16, 2005. He then filed a Complaint against Governor Warner, MCV, and Retreat Hospital. On June 9, 2005, Reynolds filed a motion to dismiss MCV and Retreat Hospital from the action. That motion was granted on June 16, 2005.

Governor Warner is the sole remaining defendant. Reynolds alleges that, if he were to be incarcerated in a Virginia jail or prison, no medically assisted detoxification program would be provided. Therefore, says Reynolds, Governor Warner, as the individual responsible for the medical treatment of prisoners, is endangering the prisoners' lives (including that of Reynolds who claims if he reverts to, or is imprisoned for, drug use) in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

## DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint, and should be denied unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Demmon v. Loudoun Co. Pub. Schs., 279 F. Supp. 2d 689, 692 (E.D. Va. 2003). Additionally, "[i]n the great run of pro se cases, the issues are faintly

2

articulated and often only dimly perceived.  There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  A *pro se* complaint "'however inartfully pleaded,' must be held to a 'less stringent standard than formal pleadings drafted by lawyers.'"  Estelle v. Gambell, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Accordingly, the plaintiff's complaint has been given the broadest possible interpretation in an effort to ascertain whether there is any reasonable basis on which to deny the motion to dismiss.

As a threshold jurisdictional requirement, an issue must be ripe for judicial review before any court may rule on the merits of the claim.  The basic rationale for this requirement is to "prevent courts, through premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 378 U.S. 136, 148 (1967).  The Supreme Court of the United States has held that "[a] claim resting upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all' is not fit for adjudication."  Texas v. United States, 523 U.S. 296, 300 (1998), (quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-581 (1985)).  The Supreme Court also has held that "[o]ne does not have to await the consummation of threatened

3

injury to obtain preventive relief.  If the injury is *certainly impending*, that is enough." (emphasis added) <u>Pennsylvania v. West Virginia</u>, 262 U.S. 553, 593 (1923).  Although imminence is a somewhat elastic concept, "[i]t has been stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992) (citing <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 156-60 (1990); <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 102-106 (1983)).

Reynolds claims that an actual case or controversy exists because detoxification would not be provided if he were incarcerated in Virginia.  However, Reynolds makes no assertion that incarceration is likely to occur, or that "injury is certainly impending."  Moreover, it is impossible to know Reynolds' future medical condition, or what kinds of treatments he may require at any given future date.  In essence, Reynolds asks the Court to assume that: (1) he will become incarcerated in Virginia at some time; (2) he will be in need of medical detoxification at the time of such incarceration; (3) only medically assisted detoxification will be adequate, while natural detoxification will be medically insufficient; (4) only natural detoxification will be offered by the facility in which he is incarcerated at the time he is incarcerated.  Reynolds asserts only that the imprisonment and

4

denial of treatment against which he seeks an injunction *might* happen at some time in the future. Considering the Complaint in the most liberal possible fashion, the claim is not ripe for judicial review and thus the Court lacks jurisdiction to entertain this action.

Even if the claim were ripe for review, Governor Warner is not the proper defendant. Under the Eleventh Amendment of the United States Constitution, an individual may not bring action against a state in federal court. It is also established that this immunity extends to state officials acting within the scope of their positions when the relief sought affects the state. Penhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 106-07 (1984); see also Seminole Tribe v. Florida, 517 U.S. 44, 54-55 (1996). While it is true that 42 U.S.C. § 1983 abrogates sovereign immunity, a proper 1983 claim must comply with the decision of Ex Parte Young, 209 U.S. 123 (1908). Under the Young doctrine, an individual may only bring an action against a state official if it is shown that the official has a "special relation" to the action at issue. Id. at 157. While, Governor Warner is generally responsible for the state's prison system, he has no special relationship to, or involvement in, the decision-making processes of the prison system or its medical programs. Under Young, officers may not be named as defendants simply because they are "in a general sense, charged with the execution of all [the state's] laws." Id. In essence,

5

this action is exactly the kind of action which was sought to be avoided by that aspect of the decision in <u>Young</u>.

**CONCLUSION**

There is no issue presented by the Complaint that is ripe for judicial review and hence the Court lacks jurisdiction to entertain the action. Additionally, Governor Warner is an improper defendant because he has no direct involvement with the medical programs of Virginia's prison system, and is therefore protected by sovereign immunity. For the foregoing reasons, the defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is GRANTED.[1]

The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff and counsel of record.

It is so ORDERED.

/s/
Robert E. Payne
United States District Judge

Richmond, Virginia
Date:_____

---

[1] Given this disposition, Plaintiff's Motion to Strike Defendant Warner's Responsive Pleadings, (Docket No. 11), Plaintiff's Motion to Seal Document (Docket No. 14), and Plaintiff's Motion to Strike Defendant Warner's Reply in Support of His Motion to Dismiss and for Sanctions (Docket Nos. 17 and 18) are denied as moot.

6